Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the kidskin plates are similar in all material respects to those the subject of *Kung Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480), the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1480, *supra*.

**No. 57551.**—Walter Hoffman et al. *v.* United States, protests 74857–K, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the kidskin plates are similar in all material respects to those the subject of *Kung Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480), the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1480, *supra*.

**No. 57552.**—W. R. Grace & Co. *v.* United States, protests 164508–K, 169255–K, and 171677–K (Boston).

Opinion by OLIVER, C. J. It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159. Said T. D. 53159 was issued following the decision in *Fred Whitaker Company, Inc.* v. *United States* (27 Cust. Ct. 168, C. D. 1365), affirmed in *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492), wherein the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes. Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "T. D. 53159 Clean Content" in schedule "A," attached to and made a part of the decision in this case.

**No. 57553.**—Pacific Mills, Worsted Division *v.* United States, protests 203682–K, etc. (Boston).

Opinion by OLIVER, C. J.   It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159.   Said T. D. 53159 was issued following the decision in *Fred Whitaker Company, Inc.* v. *United States* (27 Cust. Ct. 168, C. D. 1365), affirmed in *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492), wherein the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes.   Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "Clean Content T. D. 53159" in schedule "A," attached to and made a part of the decision in this case.

BEFORE THE SECOND DIVISION, OCTOBER 22, 1953

**No. 57554.**—Freedman & Slater, Inc. *v.* United States, protest 165594–K (New York).

Opinion by LAWRENCE, J.   It was stipulated that certain items of the merchandise consist of aluminum scrap of which metal is the component material of chief value and which is secondhand and fit only to be remanufactured.   Upon the agreed statement of facts, it was held that the merchandise comes within the provisions of Public Law 869, *supra*, and is properly entitled to free entry.

**No. 57555.**—Baylor Watch Co. and S. H. Pomerance Co., Inc. *v.* United States, protest 193125–K (New York).

Opinion by LAWRENCE, J.   It was stipulated that the watch movements in question measure more than 1 inch but not less than 1.77 inches wide.   Upon the agreed statement of facts, the merchandise was held properly dutiable at the base rate of 90 cents each as watch movements more than 1 inch but less than 1.77 inches wide under paragraph 367 (a) (1), as modified, *supra*.

BEFORE THE THIRD DIVISION, OCTOBER 22, 1953

**No. 57556.**—Hugh C. Edmiston *v.* United States, protests 135763–K, etc.   (New York).